IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY JOHNSON** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 24-961 |
| | : | |
| **MAZADA, LLC** | : | |

**McHUGH, J.**                                                                                                    **November 6, 2024**

**MEMORANDUM**

This case arises out of a dispute over a $15,000 contract for home improvements. Plaintiff tries to embellish his contract claim with a claim for fraud, for which he seeks punitive damages. Because I agree with Defendant that Plaintiff has not alleged and cannot allege facts sufficient to satisfy the diversity statute's $75,000 jurisdictional requirement, I will grant the pending Motion to Dismiss.

**I.      Facts as Pleaded**

On May 16, 2022, Plaintiff Gregory Johnson entered into a contract with Defendant Mazada, LLC to perform repair work on a residential property purportedly located at 2708 Foxwood Street in Chester, Pennsylvania. Plaintiff has not attached the contract to his Complaint. Defendant allegedly agreed to pay Plaintiff $15,000 to tile the kitchen, fix a leak in the bedroom, and oust the holdover tenants from the property. Plaintiff further pleads that Defendant purchased the property for $25,000 from Plaintiff's "associate," James Bordley, in April of 2022, and agreed not to record the deed to the property until the contract was fully executed. Plaintiff maintains that he completed the repairs and ousted the tenants, but Defendant has failed to pay. Plaintiff also contends that Defendant improperly recorded the deed on July 5, 2022.

Plaintiff advances claims for breach of contract, unjust enrichment, and fraud sounding in fraudulent inducement. Plaintiff seeks $45,000 in compensatory damages – $15,000 for each claim – and $100,000 in punitive damages. Because it is clear from the face of the complaint that Plaintiff's claims are for less than the $75,000 jurisdictional requirement, this action will be dismissed.

## II.     Standard of Review

Defendant brings this motion under Rule 12(b)(1), raising a facial challenge that contests "subject matter jurisdiction without disputing the facts alleged in the complaint." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). In considering a facial attack, I must accept all of "Plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the Plaintiff's favor." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017).

## III.    Discussion

**Plaintiff has not established that the amount in controversy exceeds the $75,000 jurisdictional threshold.**

Under 28 U.S.C. § 1332, a court has diversity jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). In assessing a challenge to the amount in controversy, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The Third Circuit has cautioned that "estimations of the amounts

recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett*, 357 F.3d at 403. And where a claim for punitive damages "comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993).

"[I]f state law denies recovery for punitive damages, the federal court [is] required to disregard the value of such a claim asserted to be included within the jurisdictional amount." *Samuel-Bassett*, 357 F.3d at 397-98. In Pennsylvania, punitive damages are not available in an action for breach of contract. *DeLuca v. Fidelity Bank*, 422 A.2d 1159, 1161 (Pa. Super. Ct. 1980). And even if a plaintiff's breach of contract allegations also state a claim for fraud, "the same fraudulent conduct is not sufficient to base an award of punitive damages without more. To justify the award of punitive damages, there must be acts of malice, vindictiveness and a wholly wanton disregard of the rights of others." *Pittsburgh Live, Inc. v. Servov*, 615 A.2d 438, 442 (Pa. Super. Ct. 1992). Moreover, under Pennsylvania's "gist of the action" doctrine, a plaintiff is prohibited from recasting breach of contract claims as tort claims. *Erie Ins. Exch. v. Abbott Furnace Co.*, 972 A.2d 1232, 1238 (Pa. Super. Ct. 2009); *Galdieri v. Monsanto Co.*, 245 F. Supp. 2d 636, 650 (E.D. Pa. 2002) ("[a] breach of contract claim cannot be 'bootstrapped' into a fraud claim merely by adding the words 'fraudulently induced' or alleging the contracting parties never intended to perform.") (cleaned up).

Here, Plaintiff seeks $100,000 in punitive damages – more than six times what he could recover in compensatory damages – based solely on his conclusory assertion that Defendant's actions were "malicious, willful and wanton." Compl. ¶ 33. Simple failure to perform a contract

cannot be deemed fraud. Otherwise, every contract action would also be litigated as a fraud claim. The sole hint of fraud in the complaint involves the recording of the deed, which Plaintiff alleges was unlawful because Defendant's performance under the contract was a condition precedent. But Plaintiff lacks any standing to assert a claim on behalf of his "associate," and with that eliminated from consideration, all that remains is a simple breach of contract. Applying the principles set forth in *Packard*, Plaintiff's punitive damages claim fails to withstand "particularly close scrutiny," and I will not consider it in determining the amount plausibly in controversy. 994 F.2d at 1046.

A separate problem is that Plaintiff artificially inflates the amount in controversy by aggregating alternative bases of recovery for the same harm. In general, "claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy." *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997). Aggregation is improper, however, where a plaintiff asserts claims that set forth "alternative bases of recovery for the same harm." *Id.*

Here, Plaintiff advances claims for breach of contract, unjust enrichment, and fraud, seeking $15,000 in compensatory damages on *each* count, but provides no basis upon which he could separately recover the full value of the contract three times over. Plaintiff's breach of contract and unjust enrichment claims plainly constitute alternative bases of recovery for the same harm – Defendant's alleged failure to pay $15,000 for the completed repair work. With no credible claim for punitive damages, only $15,000 is in dispute.

Finally, Plaintiff has not identified a basis upon which he may recover counsel fees. Under Pennsylvania law, "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established

exception." *Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 482-83 (Pa. 2009). Under the federal diversity statute, counsel fees may be considered in determining the amount in controversy "if such fees are available to successful plaintiffs under the statutory cause of action." *Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 185 (3d Cir. 2023) (quoting *Suber*, 104 F.3d at 585). There are no statutory claims, and as to the three Pennsylvania common law claims Plaintiff advances, he has not alleged an agreement of the parties or an exception to the rule. Accordingly, there is no basis, statutory or otherwise, upon which Plaintiff may recover counsel fees, and fees are not properly considered in determining the amount in controversy.

Defendant requests costs and expenses under 28 U.S.C. § 1447(c). But this provision, which is titled "Procedure *after removal* []" only authorizes courts to award "just costs and any actual expenses, including attorney fees" when those costs are "incurred *as a result of the removal*." 28 U.S.C. § 1447(c) (emphasis added). This action was filed originally in federal court, and thus Section 1447(c) does not apply.

### IV.  Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss will be granted. An appropriate order follows.

 /s/ Gerald Austin McHugh
United States District Judge